IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN RYLEE McLEOD, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CA NO.: 1:20-cv-00595 |
| | : |
| UNITED STATES OF AMERICA, and | : |
| AUSTIN WADE WELCH, JOHN GREGORY | : |
| SKIPPER, SCOTT RAY FONDREN, | : |
| RAYLENE BUSBY, BEAU BARTEL, | : |
| In their individual capacities, | : |
| | : |
|     Defendant. | : |

## PROTECTIVE ORDER

The Court having considered the parties Stipulated Motion for Protective Order and Rule 502(d) Order, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. As used in this Order, the term "Protected Information" includes, but is not limited to:

a) Government records that might contain tactical and other information related to law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts.

b) Sensitive information about the relevant federal agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public. This includes information compiled for law enforcement purposes, including but not limited to investigative files and techniques, criminal activity, public safety, and/or investigative referrals.

c) United States Marshal Services, Department of Homeland Security, and United States Immigration and Customs Enforcement records and/or other federal law enforcement agencies regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal

investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E).

d) Personally Identifiable Information of federal employees relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, e-mail addresses, and telephones numbers, which if released could endanger the privacy and safety of such officers, employees, and staff.

e) Information that is protected or restricted from disclosure by state or federal statute or regulation, but which the Court may order produced, such as information protected by the Privacy Act, 5 U.S.C. § 552a and other statutes or regulations that may prevent disclosure of specific information, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure. Such protected information may include, but is not limited to:

  i) An individual's social security number, personal identification number, tax identification number, driver's license number, or any similar identifiers assigned to an individual by the federal government, a state or local government of the United States, or the government of any other country.

  ii) Any other information that, either alone or in association with other related information, which would allow the identification of the particular individual(s) to whom the information relates.

  iii) Birth dates.

  iv) Names of any individuals known to be under 18 years of age.

  v) Addresses and telephone numbers.

  vi) Any sensitive, but unclassified, information to include limited official use or for official use only information.

  vii) Bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account.

      viii) Medical information, such as medical records, medical treatment, and medical diagnoses.

2. A party producing Protected Information may protect such information by applying one of two confidentiality designations to the document or information:

    a) "Confidential – Attorney's Eyes Only" is a Protected Information designation that applies to any disclosure or discovery material, including, without limitation, documents and information produced in response to discovery requests (including third-party subpoenas) and testimony given in deposition or at a hearing (including summaries and compilations thereof) from a producing party that contains Protected Information relating to law enforcement sensitive information which includes, but is not limited to, law enforcement tactics, practices, methods, procedures, policies, programs, resources, databases, and/or other activities and information which the producing party reasonably and in good faith believes the disclosure of which to non-qualified people would likely jeopardize the safety of law enforcement officers or the public or threaten law enforcement operations.

    b) "Confidential" is a Protected Information designation that applies to any disclosure or discovery material, including, without limitation, documents and information produced in response to discovery requests (including third-party subpoenas) and testimony given in deposition or at a hearing (including summaries and compilations thereof), from a producing party that reasonably and in good faith believes contains Protected Information that does not qualify for the "Confidential – Attorney's Eyes Only" designation.

3. Use of any information or documents labeled "Confidential" or "Confidential Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.   The party making a confidential designation shall designate each page of the document with a stamp identifying it as "Confidential," or "Confidential – Attorneys' Eyes Only" if practical to do so; or, if it is not practical to label it as such, by appending a designation that sufficiently identifies the Protected Information.

5.   If portions of documents or other materials deemed "Confidential" or "Confidential Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that the party has designated as "Confidential," or "Confidential – Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents it proposes to maintain it under seal. If a non-designating party is filing a document that another party has designated as "Confidential," or "Confidential – Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within 30 calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6.   "Confidential" and "Confidential – Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.   Unless additional persons are stipulated by counsel or authorized by the Court, the receiving party may disclose information, documents, or portions of documents marked "Confidential" only to the following persons, who agree to be bound by the terms of this Protective Order:

a) The receiving party's counsel of record for the parties, and the administrative staff of counsel's firms.

b) Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

c) Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by the receiving party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation and provided such individuals have signed the agreement attached as Exhibit A.

d) The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e) The authors of the documents.

f) Any court reporter or videographer reporting a deposition.

g) Employees of professional vendor copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

h) Actual or potential witnesses who agree to be bound by the terms of this Protective Order and have signed the agreement attached as Exhibit A.

Prior to being shown any documents produced by another party marked "Confidential," any person listed in paragraph 6(b), 6(c) or 6(h) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

8. Unless additional persons are stipulated by counsel or authorized by the Court, the receiving party may disclose information, documents, or portions of documents marked "Confidential – Attorneys' Eyes Only" only to the following persons, who agree to be bound by the terms of this Protective Order :

  a. The receiving party's counsel of record for the parties, and the administrative staff of the receiving party counsel's firms.

  b. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by the receiving party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and provided the individuals have signed the agreement attached as Exhibit A.

  c. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

  d. Any court reporter or videographer reporting a deposition, and their staff, and professional vendor services to whom disclosure is reasonably necessary and who have signed the agreement attached as Exhibit A.

  9. Whenever information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 or 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

  10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Confidential – Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or "Confidential – Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Confidential – Attorneys' Eyes Only."

13. Inadvertent Production:

a) The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security.

b. The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

i) If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and then return the document or destroy it and certify that it has been destroyed to the producing party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

ii) If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

iii) The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

iv) Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

v) Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered—and if applicable securely stored —and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

    vi)    Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

    vii)    If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the case of the inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security, additional procedures may be required as specified by the United States Government.

14. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

15. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

16. Nothing in this Order shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

17. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request, assert privilege or work product protection, or object to the admissibility of any document, testimony or other information.

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ *in McLeod v. United States,* et al, Case No: 1:20-cv-00595-JB-MU, this protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____ Signed

_____

Printed Name

_____

Date