IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN RYLEE MCLEOD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-00595-JB-MU |
| | ) |
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This action is before the Court on Plaintiff's motion to alter and amend the Court's summary judgment order (Doc. 400). (Doc. 405). The motion has been briefed and a hearing was held on October 15, 2024.[1] After careful consideration of the arguments raised, the Courts finds Plaintiff's motion is due to be **GRANTED**.

I.   **STANDARD OF REVIEW**[2]

"The decision to alter or amend judgment is committed to the sound discretion of the district judge." *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238-1239 (11th Cir. 1985). Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *WM Mobile Bay Env. Ctr., Inc. v. City of Mobile Solid Waste Authority*, 2014 WL 12904992 at *3 (S.D. Ala. July 30, 2014) (recognizing the

---

[1] On October 15, 2024, a pre-trial hearing was held in this action. However, counsel also addressed the pending motion to alter.

[2] Plaintiff did not state the standard of review. For purposes of judicial economy, this Order recites the applicable standard as set forth in the USA's response. (Doc. 411).

discretion of the Court over interlocutory orders and affirming the precedential elements upheld in the Southern District of Alabama). Although the USA contends Plaintiff has not satisfied any of the above referenced grounds for reconsideration, this Court is persuaded for the reasons set forth below that a correction is warranted.

## II.  DISCUSSION

Without disputing this Court's factual findings set forth in its summary judgment order, Plaintiff raises one ground for reconsideration. Specifically, Plaintiff contends this Court's granting of the USA's motion to dismiss Plaintiff's battery claim brought pursuant to the Federal Tort Claims Act ("FTCA") should not have been granted because even if the USA established qualified immunity for purposes of Plaintiff's § 1983 Fourth Amendment excessive force claim, the USA failed to establish the separate elements for a self-defense affirmative defense to battery under Alabama law.  (Doc. 405).

According to Plaintiff, this Court found that Welch and Skipper's unconstitutional[3] entry into Ann's house undermined the USA's defense to Plaintiff's assault claim. (Doc. 400). As such, Plaintiff contends this determination should have also defeated the granting of summary judgment as to the battery claim based on self-defense. More specifically, Plaintiff posits:

> The USA answered Plaintiff's state law battery claim by asserting justification under a self-defense affirmative defense. (USA's Fifth Affirmative Defense. Doc. 36 PageID.192) The Plaintiff replied that under Alabama law an aggressor cannot invoke self-defense as justification for assault and battery when he instigates the event, citing Ala. Code § 13A-3-23(c) and the Alabama self-defense jury instruction, A.P.J.I. 5.03. (Doc. 357, PageID.4303.) The Court dismissed the Plaintiff's state law battery claim, reasoning that since it had dismissed the § 1983 unreasonable force claim

---

[3] The Court found only that the facts, viewed in a light most favorable to Plaintiff, did not warrant summary judgment in favor of Welch and Skipper based on qualified immunity on Plaintiff's unlawful entry claim (subject to dismissal on other grounds). Similarly, with respect to Plaintiff's assault claim, the Court found that the facts, presented by Plaintiff, did not warrant dismissal of Plaintiff's assault claim.

against Welch and Skipper, the same result applied to the battery claim. (Id. PageID.6512) The court reached this conclusion without addressing the Plaintiff's argument that a party alleged to have committed state law battery cannot justify the battery if he provoked the incident.

The Alabama Civil Pattern Jury Instructions state the Alabama common law which applies to a defendant who claims self-defense to battery. The instruction provides that the defendant "must prove" that he "did not bring on or provoke the difficulty with the plaintiff." A.P.J.I 5.03, "Justification – Ala. Code §13A-3-23 (1975)" (Attached as Att. 1) Where, as here, a civil action for battery involves the use of deadly force, A.P.J.I. 5.03 requires "… modification of the instruction to include the circumstances listed in Ala. Code §13A-3-23(c)." (*Id*. "Notes on Use) Section 13A-3-23(c) provides in relevant part that:

> "(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:
>
> (1) With intent to cause physical injury or death to another person, he or she provoked the use of unlawful physical force by such other person.
>
> (2) He or she was the initial aggressor, …"

The Alabama Criminal Pattern Jury Instruction on the use of a deadly weapon in self- defense (imported into the Civil instruction by A.P.J.I. 5.03 as noted above) reads:

> "One of the issues in this case is self-defense.
>
> A person may use deadly physical force and is legally presumed to be justified in using deadly physical force in self-defense…if the person reasonably believes that another person is:
>
> (1) Using or about to use unlawfully deadly physical force;
>
> …
>
> The defendant is not justified in using deadly physical force if:
>
> (1) With intent to cause physical injury or death to another person, he/she provoked the use of unlawful physical force by such other person; [or]

3

(2) He/she was the initial aggressor…"

(Doc. 405 at 2-3). Plaintiff is correct that this Court's previous order did not address part (c) of Ala. Code §13A-3-23 because it determined Welch's and Skipper's use of force was reasonable warranting dismissal of the battery claim.

Plaintiff recognizes she cannot prevail on a § 1983 excessive force claim by arguing that the officer provoked the violence. (Doc. 405 at 4) (citing *City of L.A. v Mendez*, 581 U.S. 420; 137 S.Ct. 1539, 1546 (2017) (rejecting the Ninth Circuit's 'provocation rule' which permitted "an excessive force claim under the Fourth Amendment 'where an officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation.'")). Plaintiff contends, however, "that under Alabama law, a plaintiff in a battery case can defeat a self-defense justification by showing the defendant provoked the affray. The Alabama common law of battery, and §13A-3-23 (c), deny an alleged batterer the right to claim self-defense where he 'brought on or provoked' the difficulty." (*Id*. at 4) (citing A.P.J.I 5.03; Ala. Code § 13A-3- 23(c).

The Court notes the lack of case law on point from which to determine this particular issue. More specifically, Plaintiff has not presented any case where a state law battery claim was permitted to proceed to trial against a federal officer under the FTCA once the Court determined the corresponding Fourth Amendment claim for use of deadly force was reasonable. Conversely, the USA has presented no authority where summary dismissal of an Alabama state law battery claim made pursuant to the FTCA was warranted when provocation under Alabama law was raised, much less such a case with facts like those presented in this action.

In its previous order, this Court relied heavily on *Duncan v. Ward*, 2021 WL 2000475 (N.D.

Ala. May 19, 2021), where the court found that because the officers had not committed a Fourth Amendment excessive force violation, they also had no assault and battery liability. Despite its reliance on *Duncan*, this Court however, recognized the factual distinctions set forth in that action in reaching its determination with respect to Plaintiff's assault claim. (Doc. 400 at 29-30) ("However, in *Duncan*, unlike here, there was no moment of time where the officers potentially acted unlawfully before the moment that necessitated the use of deadly force (Plaintiff brandishing a weapon)."). For similar reasons, this Court is persuaded that factual distinctions encourage a reconsideration of the Plaintiff's battery claim. Specifically, as pointed out by Plaintiff, in *Duncan*, § 13A-3-23 was at issue, but neither party raised or argued provocation under 23(c). Accordingly, the Court had no cause to consider 23(c) and nothing in the opinion compels a conclusion, one way or the other, that had it done so, the battery claim would still have been dismissed. As such, although this Court's previous determination is consistent with *Duncan*, *Duncan* does not - on its own- clearly establish the same result here, when provocation has been raised. Moreover, based on the factual record of this action, this Court is persuaded that a question of fact exists as to whether Welch and Skipper were the initial aggressors under Ala. Code § 13A-3-23(c), warranting this Court to alter its previous conclusion that the Alabama Self-defense statute required dismissal of Plaintiff's battery claim.

In reaching this conclusion, the Court has considered the arguments raised by the USA[4]

---

[4] At the hearing, the Government raised additional arguments which it believes warrants dismissal of Plaintiff's battery claim, including an argument that the Supremacy Clause prevents Plaintiff from asserting state law torts (battery) based on constitutional acts (reasonable use of deadly force). It does not appear that the Government has asserted any affirmative defense with respect to the Supremacy Clause and this argument could have been, but was never raised, at the summary judgment stage. As such, the issue was properly not addressed by this Court. Moreover, the Government did not file a motion to reconsider based on this legal theory and even if it had, those issues would not support reconsideration. "A motion for reconsideration cannot be used 'to relitigate old matters,

that a consideration of Ala. Code § 13A-3-23(c) is improper because "law enforcement nearly always initiate encounters (including those ending with deadly force)" and that, here, Welch and Skipper "indisputably had 'no intent to cause physical injury' to Plaintiff before the shooting itself." (Doc. 411 at 1).  First, the USA's proffered argument that officers commonly initiate encounters may be correct, but the USA fails to persuade this Court that the likelihood of an officer initiating an encounter relieves officers from having to establish the elements of self-defense under of Alabama law, i.e. that the officer was not the initial *aggressor*.  Because the parties clearly dispute the facts surrounding Welch and Skipper's entry into the home, a dispute exists as to whether the officers were the initial aggressors, defeating the entry of summary judgment based on the affirmative defense raised by the USA.[5]  Second, even if the Court agreed with the USA's secondary argument that Welch and Skipper had no intent to injure Plaintiff, such agreement is of no consequence because 23(c)(2) requires no such intent.   Finally, the Court appreciates the USA's position that Welch and Skipper are entitled to peace officer immunity, even though the USA did not move to alter this Court's summary judgment order on that ground. (Doc. 411 at 5 n.2).  This Court is not inclined to reconsider the application of peace officer immunity in this action.  However, to the extent the USA contends *Duncan* supports such a

---

raise argument, or present evidence that could have been raised prior to the entry of judgment.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Additionally, the Government made no supporting arguments with respect to the issues properly raised in its response to Plaintiff's motion, except to indicate that should the Court be persuaded by Plaintiff's motion, it should also reconsider the Court's previous ruling on the application of peace officer immunity raised by the Government at summary judgment.  Again, however, the Government did not file a motion to reconsider on that issue and, therefore, again, the Government's request is not properly before this Court.

[5] The USA characterizes Plaintiff's position to be that Ala. Code §13A-3-23 does not apply. (Doc. 411).  As the Court understands Plaintiff's position, Ala. Code §13A-3-23 is available to Welch and Skipper subject to the exception set forth in 23(c).  As such, because a question of fact exists with respect to 23(c), summary judgment should not have been granted.

conclusion, the Court notes only that *Duncan* was not an FTCA action.  Further, as this Court's previous order points out, in *Dalrymple v. United States*, 460 F.3d 1318 (11th Cir. 2006) (relied on by the USA for its position) the Eleventh Circuit affirmed the dismissal of a battery claim brought pursuant to the FTCA based on a Florida statute allowing a law enforcement officer to use reasonable force in effectuating an arrest.  However, the opinion contains no discussion as to the applicability of state immunities to federal officers or the "private person analog" set forth in *United States v. Olson*, 546 U.S. 43, 44, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005) (when assessing FTCA claims, courts should determine whether, under "like circumstances," a private person would be liable, *not* whether a state or municipal entity would be liable.).  Further, <u>after *Dalrymple, in Williams v. U.S.*</u>, 314 Fed. App'x. 253, *5 (11th Cir. 2009), the Eleventh Circuit, recognizing *Olson's* private person analog, upheld dismissal of a Plaintiff's battery claim brought pursuant to the FTCA based on a Georgia law permitting arrest by a private person, but did not, and had no reason to, further discuss whether immunities may also have been available.  Accordingly, although the USA made no separate motion, this Court stands by its previous determination that summary judgment should not be granted based on peace officer immunity absent explicit instruction from the Eleventh Circuit dictating as much.

  Since this Court has determined that there is a factual dispute as to whether the alleged battery was lawful, i.e. committed in self-defense, there is likewise a factual dispute and to whether Plaintiff was unlawfully detained post shooting.  Accordingly, this Court will also take to trial the question of whether the conduct of Welch and Skipper at any point in this encounter constituted false imprisonment under Alabama state law.

### III. CONCLUSION

For the reasons set forth hereinabove, Plaintiff's Motion (Doc. 405) is GRANTED.

**DONE and ORDERED** this 28th day of January, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
