IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANN RYLEE MCLEOD,

    Plaintiff,

v.                                        Case No.: 1:20-cv-00595-JB-MU

UNITED STATES OF AMERICA, et al.,

    Defendants.

---

**MEMORANDUM OF LAW REGARDING *MARTIN V. UNITED STATES* AND JURISDICTION**

---

Under *Martin v. United States*, and current Eleventh Circuit case law, the "government may invoke the Supremacy Clause against state-tort liability [brought through the Federal Tort Claims Act ("FTCA")] if it demonstrates that the government 'official's acts have some nexus with furthering federal policy and can reasonably be characterized as complying with the full range of federal law.'"[1] Where these elements are present, the Supremacy Clause negates the FTCA's limited waiver of sovereign immunity, thereby creating a jurisdictional bar to the claims and removing subject matter jurisdiction from the Court. Supremacy Clause immunity, as a jurisdictional defense, can be raised at any time. It was affirmatively raised here. Even if it were not, the Supremacy Clause could still not be waived and can be raised at any time.

---

[1] *Martin v. United States*, 2024 WL 1716235 (11th Cir. Apr. 22, 2024).

Because the Court has already found in this case that the two *Martin* prongs have been met as they relate to battery, the Supremacy Clause bars the Plaintiff's battery claim and the Court lacks subject matter jurisdiction to hear that claim. In addition, the United States should be allowed to defend against the remaining intentional tort claims by establishing these *Martin* factors at trial.

### I. Law and Analysis

**1. In the absence of a clearly defined waiver, sovereign immunity bars suits against the Government, creating a *jurisdictional* bar.**

The United States, as a sovereign, is ordinarily immune from suit, which means that unless Congress has provided a basis for the suit against the federal government, sovereign immunity acts as a bar against the suit.[2] As the United States Supreme Court as said, "[s]overeign immunity is jurisdictional in nature."[3]

Consequently, "the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'"[4] Elsewhere, the Supreme Court has gone so far as to call this principle "axiomatic"—in other words, it is not a debated point.[5]

---

[2] See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").
[3] *Id.* (emphasis added).
[4] *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also JBP Acquisitions, LP v. United States,* 224 F.3d 1260, 1263 (11th Cir. 2000).
[5] *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"); 14 Charles Alan Wright et al., *Federal Practice and Procedure* § 3654, "Jurisdiction Over Actions Against the United States—The Sovereign Immunity Problem" (4th ed. 2014) ("Nevertheless, considered as a "prerequisite for jurisdiction," the absence of consent by the United States to suit has been treated by courts as a fundamental defect that deprives the district court of subject matter jurisdiction.").

Sovereign immunity in this context (*i.e.*, FTCA's wavier of sovereign immunity) should not be confused with Eleventh Amendment immunity,[6] which *uniquely* must be raised by the state, or with qualified immunity, both of which implicate separate principles and separate analyses.

**2.    The FTCA is a limited waiver of sovereign immunity.**

Because of sovereign immunity, a plaintiff must show that her claims come within some waiver to that general rule. The FTCA is just such a limited waiver. If Plaintiff's claims fall outside of the scope of the FTCA, sovereign immunity applies, and the Court lacks subject matter jurisdiction to hear any such claims.[7]

Once a waiver of sovereign immunity is recognized, it still "must be strictly construed in favor of the United States" and "not enlarged beyond what the language of the statute requires."[8] "Courts are required to 'strictly observe' all terms and conditions that accompany a waiver of sovereign immunity."[9] "Any ambiguities are thus interpreted in one direction—in favor of immunity."[10]

---

[6] The "jurisdictional bar embodied in the Eleventh Amendment is a 'rather peculiar kind of 'jurisdictional' issue.' Unlike most subject matter jurisdiction issues, which cannot be waived by the parties and must be raised by a court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction." *McClendon v. Ga. Dept. of Comm. Health,* 261 F.3d 1252, 1257 (11th Cir. 2001) (quoting *Wisc. Dept. of Correction v.* Schacht, 524 U.S. 381, 389 (1998). Courts have sometimes missed the distinction between these two separate concepts. *Comp.* 13 Wright, *Federal Practice and Procedure* §3524, "Actions in Which a State is a Defendant—State Sovereign Immunity and the Eleventh Amendment", *with* 14 Wright, *Federal Practice and Procedure* § 3654, "Jurisdiction Over Actions Against the United States—The Sovereign Immunity Problem."
[7] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'").
[8] *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 7 (1993) (quotation omitted).
[9] *Smith v. United States*, 14 F. 4th 1228, 1231 (11th Cir. 2021).
[10] *Id.* (citation omitted).

The Eleventh Circuit has held explicitly, "when *an exception applies* to neutralize what would otherwise be a waiver of immunity, a *court will lack subject matter jurisdiction* over the action."[11]

3. **Sovereign immunity, as a jurisdictional defense, can be raised at any time.**

"Sovereign immunity of the United States is an issue of subject matter jurisdiction and, thus, may be raised at any time."[12]  Jurisdictional defenses, including sovereign immunity, can be raised "at any time."[13]  Indeed, in the *United States v. Land, Shelby County,* the Eleventh Circuit recognized that the Government "failed to make [an] argument in district court," but this was not an issue because the argument was "essentially a claim that the government did not waive its sovereign immunity" and, of course, sovereign immunity "is an issue of subject matter jurisdiction" which can be raised at any time.[14]

Not only can the parties not waive subject matter jurisdiction, but "federal courts are under an independent obligation to examine their own jurisdiction."[15] As the Supreme Court has made clear:

> Under [our adversarial] system, courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own. But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide

---

[11] *Zelaya v. United States,* 781 F.3d 1315, 1322 (11th Cir. 2015) (emphasis added) (quoting *JBP Acquisitions, LP v. United States ex rel. FDIC,* 224 F.3d 1260, 1263–64 (11th Cir. 2000)).
[12] *United States. v. Land, Shelby County*, 45 F.3d 397, 398 n.2 (11th Cir. 1995).
[13] *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 433 (2011) ("For purposes of efficiency and fairness, our legal system is replete with rules requiring that certain matters be raised at particular times. Objections to subject-matter jurisdiction, however, may be raised at any time.").
[14] *Land, Shelby County,* 45 F.3d at 398 n.2.
[15] *Bischoff v. Osceola Cnty, Fla.,* 222 F.3d 874, 877-82 (11th Cir. 2000).

jurisdictional questions that the parties either overlook or elect not to press.[16]

This principle is also enshrined in the Federal Rules of Civil Procedure. As stated in Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[17] "A party _cannot_ forfeit or waive an argument about this court's subject matter jurisdiction."[18]

### 3.1 The Supremacy Clause, viewed in the context of the FTCA's limited waiver, implicates sovereign immunity.

For claims brought under the FTCA in the Eleventh Circuit, the Supremacy Clause is one such a bar to certain intentional torts. Where applicable, an exception "neutralize[s] the waiver and removes the claims from the court's subject matter jurisdiction."[19]

Because of the intertwined immunity-jurisdictional issues, the Supremacy Clause must be considered by this Court because subject matter jurisdiction cannot be waived. It is for this reason that the Eleventh Circuit, and other courts, speak of "neutraliz[ing]" or "negat[ing] the waiver of sovereign immunity that might otherwise arise from the FTCA," leaving the Court without "subject matter jurisdiction."[20] Whether it be an express exclusion, such as those found in 28 U.S.C. § 2680, a separate statue that excludes the claim (such as 28 U.S.C. § 1346(b)), or a Constitutional provision, such as the Supremacy Clause—the result is the same: the

---

[16] _Henderson v. Shinseki,_ 562 U.S. 428, 434 (2011).
[17] Fed. R. Civ. P. 12(h)(3).
[18] _See, e.g., Gad v. Kan. State Univ._, 787 F.3d 1032, 1035 (10th Cir. 2015) (emphasis added).
[19] _Id._
[20] _Zelaya,_ 781 F.3d at 1322 & 1326.

waiver of the sovereign immunity is "negated" and the Court lacks subject matter jurisdiction to hear the claim.[21] Consider the Supreme Court's language in its grant of certiorari in *Martin*: "Whether the Constitution's Supremacy Clause <u>bars claims</u> under the Federal Tort Claims Act when the negligent or wrongful acts of federal employees have some nexus with furthering federal policy and can reasonably be characterized as complying with the full range of federal law."[22]

If the Supremacy Clause *bars* a claim under the FTCA, as the Eleventh Circuit has announced, then those claims, by definition, are negated and cannot be brought under the FTCA. Thus, the court lacks subject matter jurisdiction over them.

### 3.2 Even if Supremacy Clause immunity is held to be "affirmative," it is not waivable.

The mere fact that there are factual issues to be decided does not mean that a defense does not speak, ultimately, to jurisdiction.[23] This is particularly true in the context of the FTCA, where absent the limited waiver of sovereign immunity, the Court lacks jurisdiction to hear a claim. Hence, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."[24]

*Denson v. United States* held that the plaintiff's "state law tort claims of assault, battery, and false imprisonment, which are in direct conflict with the federal objectives we have identified in this FTCA case, are barred."[25] This opinion announced the same principle that later guided the Eleventh Circuit in its *Martin*

---

[21] *Id.*
[22] *Martin v. United States*, -- U.S. --, 2025 WL 301915 (U.S., Jan. 27, 2025).
[23] *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990) ("Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms[:] 'Facial attacks' . . . [and] 'Factual attacks.'").
[24] *FDIC v. Meyer*, 510 U.S. 471, 477 (1994).
[25] *Denson,* 574 F.3d 1318, 1349 (11th Cir. 2009).

decision.[26] And while the court in *Denson* used language of "affirmative" defense, it in did not imply that Supremacy Clause immunity was *waivable* if not raised in the answer.[27] An affirmative defense requires a showing of fact(s) by the party asserting the defense, but these are not always waivable.[28] This is especially important in the FTCA context, which removes subject matter jurisdiction from the Court for claims outside of the scope of the FTCA.[29]

Defenses such as Supremacy Clause immunity, just like discretionary function exception, may require argument or findings of fact, but ultimately, if successful, they speak to subject matter jurisdiction of the Court, which can never be waived, and which can be raised "at any time."[30]

### 3.3 Alternatively, even if Supremacy Clause immunity were waivable, the United States has affirmatively raised the issue.

The United States' answer raised the following defenses invoking Supremacy Clause immunity:[31] that the claims are barred by the doctrine of public duty (10th defense); that Defendant's actions were reasonable and justified (12th defense); that

---

[26] *Martin v. United States,* No. 23-10062, 2024 WL 1716235 at *6 (11th Cir. Apr. 22, 2024) (citing to *Denson*).
[27] This understanding is drawn from the *Denson* opinion itself, as well as from the example provided by that case where the answer did not assert Supremacy Clause as an affirmative defense (see section **4.3**, *infra*).
[28] *Thomas v. Home Depot U.S.A., Inc.,* 792 Fed.Appx. 722, 726 (11th Cir. 2019) ("We have said that an affirmative defense is not waived--even if a defendant fails to raise it in its answer--if the pretrial order includes the defense and, thus, gives fair notice to the plaintiff and to the court of the issues to be tried."). Notably, the United States has raised *Martin* and Supremacy Clause in the pretrial order in this case.
[29] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'").
[30] *Henderson v. Shinseki*, 562 U.S. 428, 433 (2011).
[31] The United States filed three separate answers (ECF No. 36, 57, and 176) in response to the Complaint (ECF No. 1), Amended Complaint (ECF No. 54), and Third Amended Complaint (ECF No. 122).

the Court lacks subject matter jurisdiction (15th defense); and that the claims are barred by the doctrine of sovereign immunity (16th defense). Sovereign immunity was raised explicitly, which implicates *any* exception to the FTCA that, perforce, creates sovereign immunity and a bar to subject matter jurisdiction. Subject matter jurisdiction was raised explicitly as well, which is the ultimate issue at stake here—whether under Supremacy Clause immunity, the discretionary function exception, or another exception to the FTCA.

In *Denson v. United States*, Supremacy Clause immunity *per se* was not raised as an affirmative defense, yet the District Court took up the issue, and the Eleventh Circuit saw no issue of waiver.[32] As in the present case, sovereign immunity was raised as a defense, and discretionary function was stated explicitly; but there was no mention of the Supremacy Clause, and an express reference was not required. The same holds true for the answer in *Martin v. United States*.[33] In these cases, Supremacy Clause immunity was considered and applied by the courts.

These facts, coupled with the Eleventh Circuit law on waiver, show that the issue of immunity and subject matter jurisdiction has not been waived. Defenses on point were raised in the answer, and the issue is being raised again in the pretrial order.[34] Furthermore, the Eleventh Circuit has "recognized . . . that a defendant does not waive an affirmative defense if the earlier omission from responsive pleadings

---

[32] *See* Exhibit A, Answer of USA, *Denson v. United States*.
[33] *See* Exhibit B, Answer of USA, *Martin v. United States*.
[34] *Thomas v. Home Depot U.S.A., Inc.*, 792 Fed.Appx. 722, 726 (11th Cir. 2019) ("We have said that an affirmative defense is not waived--even if a defendant fails to raise it in its answer--if the pretrial order includes the defense and, thus, gives fair notice to the plaintiff and to the court of the issues to be tried.").

does not prejudice the plaintiff."[35] Here, there is no prejudice to the plaintiff, as the issue of immunity and subject matter jurisdiction, the scope of the federal and state actors, and the authority and actions of federal and state actors, have been thoroughly investigated and litigated throughout this case.

4. **The Eleventh Circuit has held that the Supremacy Clause excludes certain claims from the FTCA's limited waiver of sovereign immunity, thus creating a jurisdictional bar to those claims.**

Intentional tort claims brought against federal officers whose actions were furthering federal policy and can reasonably be characterized as complying with the full range of federal law are barred in the Eleventh Circuit by the Supremacy Clause.[36] In *Martin v. United States,* the Eleventh Circuit held that:

> the government may invoke the Supremacy Clause against state-tort liability if it demonstrates that the government "official's acts have some nexus with furthering federal policy and can reasonably be characterized as complying with the full range of federal law. A government official's acts bear "some nexus with furthering federal policy" if he acted within the scope of his discretionary authority. Similarly, a government official's acts could "reasonably be characterized as complying with the full range of federal law" if his acts

---

[35] *Edwards v. Fulton Cnty, Ga.,* 509 Fed.Appx. 882, 887 (11th Cir. 2013) (citing "*Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1350 (11th Cir.2007) (acknowledging that, in cases where federal case law has identified specific affirmative defenses, we have 'examined whether a plaintiff had notice of the unpled defense or was prejudiced by the lack of notice' in determining whether the defendant waived the defense); *Sweet v. Sec'y, Dep't of Corrections*, 467 F.3d 1311, 1321 n. 4 (11th Cir.2006) ('[O]ur cases interpreting [Rule 8(c) ] ... support a liberal approach to waiver where the failure to raise an affirmative defense has not prejudiced the plaintiff.'); *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir.1988) ('[W]hen the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.').".
[36] *Martin v. United States*, 2024 WL 1716235 (11th Cir., Apr. 22, 2024); *cert granted Martin v. United States,* -- U.S. --, 2025 WL 301915 (U.S., Jan. 27, 2025). Additionally, because of the current Eleventh Circuit law on this point the United States has not to this point argued that the intentional tort claims brought by Plaintiff are barred by the discretionary function exception; however, if the Supreme Court were to overturn *Martin* and find that the law enforcement proviso does not act as an limitation on the discretionary function exception, then Plaintiff's intentional torts would be barred by the discretionary function exception, and the Court would, likewise, lack subject matter jurisdiction over these claims.

complied with the relevant constitutional standard—the Fourth Amendment.[37]

The Supremacy Clause had previously been invoked in similar ways in *Kordash v. United States*[38] and *Denson v. United States*.[39]

This Court has already found that the federal officers' acts had "some nexus with furthering federal policy and can reasonably be characterized as complying with the full range of federal law."[40] The Court held that the federal officers at issue (Austin Welch and John Skipper) were acting under federal law, were authorized to take the actions that they did, and were reasonably carrying out those federal actions at the time of the shooting.[41]

While the Court left open the question of whether these federal officers violated the Fourth Amendment by pushing open the door—thereby arguably leaving open the possibility of an assault and false imprisonment claims under *Martin*'s second prong—the Court foreclosed the possibility of a battery claim by finding that the shooting itself was objectively reasonable.[42] This finding, coupled with the *County of Los Angelos, Calif. v. Mendez*, requires the conclusion that Supremacy Clause immunity negates the FTCA's waiver for the Plaintiff's battery claim.[43] In *Mendez*, the Supreme Court rejected the exact framework proposed by the Court in this case:

> The basic problem with the provocation rule is that it fails to stop there [*i.e.*, the objective reasonableness of the act at the time it occurred].

---

[37] *Id.* at *6 (internal citations omitted).
[38] *Kordash v. United States,* 51 F.4th 1289, 1293-94 (11th Cir. 2022).
[39] *Denson v. United States*, 574 F.3d 1318, 1349 (11th Cir. 2009).
[40] *Martin*, 2024 WL 1716235 at *6.
[41] ECF No. 400, pp. 18, 21, 23; ECF No. 399, pp. 17-19, 26, 29, 34-36, 49.
[42] ECF No. 399 at 47 ("The Court finds that precedent dictates that Welch and Skipper's use of force was objectively reasonable.").
[43] *Cnty of Los Angelos, Calif. v. Mendez*, 581 U.S. 420, 428 (2017).

> Instead, the rule provides a novel and unsupported path to liability in cases in which the use of force was reasonable. Specifically, it instructs courts to look back in time to see if there was a different Fourth Amendment violation that is somehow tied to the eventual use of force. That distinct violation, rather than the forceful seizure itself, may then serve as the foundation of the plaintiff's excessive force claim. This approach mistakenly conflates distinct Fourth Amendment claims.[44]

The import of this is that the Court's analysis is not limited to evaluating a state law analogue; rather, the Court must also consider whether the state law claims violate the Supremacy Clause—judged according to the two-prong test enunciated in *Martin*.

The theory advanced by the Plaintiff is of the type specifically prohibited in *Mendez*. Plaintiff argues that because the Court has found that a Fourth Amendment violation *may* have occurred with the opening of the door *sans* announcement, the United States can be held liable for the shooting/battery claim through an exception to the state law self-defense statute. Yet, through *Martin* and *Mendez* the battery claim (the shooting itself) cannot be tied back in time to a prior Fourth Amendment violation (opening the door) but instead must be held to have violated the Fourth Amendment itself. And this Court has found that it did not. These two acts and claims must stand alone: assault and opening the door; battery and the shooting itself.

The question under *Martin* is can the *shooting* itself "reasonably be characterized as complying with the full range of federal law."[45] Because the Court has already found that the shooting did not violate the Plaintiff's Fourth Amendment

---

[44] *Id.*
[45] *Martin v. United States*, 2024 WL 1716235 at *6 (11th Cir., Apr. 22, 2024).

rights,[46] the Court cannot now contradict itself by finding that the shooting may have violated the Fourth Amendment.

## II. Conclusion

Based on the Court's prior findings in this case, Plaintiff's battery claim is excluded from the FTCA's waiver of sovereign immunity on the basis of the Supremacy Clause; and, thereby, the Court lacks subject matter jurisdiction to hear this claim.

In addition, because of *Martin* and other Eleventh Circuit case law on this point, the United States must be allowed to put on evidence at trial to establish the factors for Supremacy Clause immunity to defend against the remaining intentional tort claims, which include the federal officers' nexus with furthering federal policy and how their actions can reasonably be characterized as complying with the full range of federal law.

Dated: February 4, 2025

Respectfully submitted,

PATRICK A. LEMON
*Acting United States Attorney,*
*Southern District of Mississippi*

By: *s/ Andrew R. Norwood*
Gregg Mayer (MSB# 102232)
Andrew R. Norwood (MSB#105087)
Special AUSAs Acting Under
authority Conferred by 28 U.S.C. § 515
United States Attorney's Office, SDMS
501 East Court Street, Suite 4.430
Jackson, MS 39201

---

[46] ECF No. 399 at 45-48. The Court properly analyzed the three alleged Fourth Amendment violations separately: unlawful entry, failure to knock and announce, and excessive force. ECF No. 399 at 30.

Telephone: 601-973-2877
Facsimile: 601-965-4032
E-mail: Gregg.Mayer@usdoj.gov
E-mail: Drew.Norwood@usdoj.gov

Lauren Dick (GAB#401353)
Special AUSA Acting Under authority
Conferred by 28 U.S.C. § 515
United States Attorney's Office
Southern District of Mississippi
2015 15th St. Gulfport, MS 39501
Telephone: (228) 563-1560
Facsimile: (228) 563-1571
Email: lauren.dick@usdoj.gov

## Certificate of Service

I, Andrew R. Norwood, Assistant United States Attorney, hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which sent notification to all counsel of record.

Dated: February 4, 2025

/s/*Andrew R. Norwood*
Andrew R. Norwood, AUSA